UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN HENDERSON,

                              Plaintiff,

                                                                    5:08-CV-0504
v.                                                                  (NPM/GHL)

CLOVER FIELD,

                              Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

SHAWN HENDERSON, 935411
  Plaintiff, *Pro Se*
Pendleton Correctional Facility
P.O. Box 28
Pendleton, IN 46068

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

        This civil action, brought by a prisoner proceeding *pro se*, has been referred to me by the

Honorable Neal P. McCurn, Senior United States District Judge, to hear and determine all

pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive

matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently

before the Court is Plaintiff's motion to proceed *in forma pauperis*.  (Dkt. No. 5.)  For the reasons

discussed below, I deny Plaintiff's motion, and I recommend that the Court *sua sponte* dismiss

his Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][i], 1915A) due to the frivolous nature of

the claims asserted therein.

## I.      SUMMARY OF PLAINTIFF'S COMPLAINT

Liberally construed, Shawn Henderson's ("Plaintiff's") Complaint alleges that "Clover Field" (no address, or further identifying information, provided) breached either some sort of agreement or fiduciary duty to pay Plaintiff shares of corporate stock "for services rendered." (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 4, at 2 [Addendum to Plf.'s Compl.].)  As relief for the aforementioned breach, Plaintiff requests the following: (1) "$415 Billion Eurodollars"; (2) a 50% ownership interest in the International Space Station; (3) a 50% ownership interest in "all U.S. Space Satellites and satellite dishes"; (4) the immediate and permanent repeal of "all death penalty statutes pertinent to the United States of America"; (5) an Order directing that "[a]ny person convicted of a crime including [a crime of] violence in the United States of America can only be sentenced to a maximum prison sentence of 20 (twenty) years," which can be served only under terms in which the prisoner is "granted credit of 3 (three) days for each day actually served"; and (6) an Order directing that all federal prisoners "enjoy irrevocable and unlimited conjugal rights."  (Dkt. No. 1, ¶¶ 6-7 [Plf.'s Compl.].)  As legal authority, Plaintiff cites various Sections of the Uniform Commercial Code (specifically, Sections 2-607, 5-102, 8-106, 8-313, and 9-102).  (Dkt. No. 1, ¶ 9 [Plf.'s Compl.]; Dkt. No. 4, at 1-2 [Addendum to Plf.'s Compl.].)

## II.     DISCUSSION

### A.      Application to Proceed *in Forma Pauperis*

Before Plaintiff signed his Complaint in this action on May 5, 2008, he attempted to file with this Court some sort of request, which was rejected for filing and returned to him on April 28, 2008, on the ground that (1) he had no case pending in the Court and (2) he had not either paid the Court's filing fee of three hundred fifty dollars ($350) or included an Application to

Proceed *In Forma Pauperis*.  (*See* Dkt. No. 5 [Plf.'s *In Forma Pauperis* Application of 5/5/08, which is handwritten on the Court's Rejection Order of 4/28/08].)  Apparently, when Plaintiff received the Court's Rejection Order, he handwrote on it the reason that he should be excused from having to pay the Court's filing fee.  (*Id*.)  Liberally construed, this reason is that (1) the Complaint (and Addendum thereto) that Plaintiff has filed with the Court constitutes a financial instrument with a value of $100 million dollars, (2) by transferring that instrument to the Court, Plaintiff has made the Court "a financial intermediary and clearing corporation," and (3) the Court must therefore honor the instrument (and accept it in payment of the filing fee) or forfeit its jurisdiction over the matter, permitting Plaintiff to resolve his dispute with Defendant by mediation.  (*Id*.)

Of course, Plaintiff's Application fails to provide the Court with the information necessary for him to proceed *in forma pauperis* (such as whether he is currently employed in prison, whether he has received any money from designated sources within the past twelve months, whether he has any bank accounts, whether he owns any real estate or other assets, etc.).  On this ground alone Plaintiff's Application may be, and is, denied.

Furthermore, I note that Plaintiff's Application may be, and is, denied on the alternative ground that (1) before bringing this action (on May 5, 2008) he had acquired at least "three strikes" for purposes of  28 U.S.C. § 1915(e)(2),[1] and (2) he has not alleged facts plausibly

---

[1]    Under the so-called "Three Strikes Rule" set forth in the federal statute governing *in forma pauperis* proceedings,

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was

suggesting that he was (when he brought this action) "under imminent danger of serious physical injury," sufficient to create an exception to the "Three Strikes Rule."[2]  Specifically, Plaintiff's three strikes are as follows:

Strike 1: *Henderson v. Indiana,* IP01-1912-C-T/K, Order of Dismissal (S.D. Ind. filed Dec. 26, 2001) (dismissing Plaintiff's *pro se* prisoner action for failure to state a claim upon which relief may be granted);

Strike 2: *Henderson v. Indiana*, 02-CV-1431, Order of Dismissal (S.D. Ind. filed Apr. 3, 2003) (*sua sponte* dismissing Plaintiff's *pro se* prisoner civil rights action, pursuant to 28 U.S.C.

---

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2]     When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.  *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *9 & n.18 (N.D.N.Y. March 17, 2008) (on *de novo* review, adopting Report-Recommendation of Lowe, M.J., recommending revocation of plaintiff's *in forma pauperis* status due to "Three Strikes Rule" in part because plaintiff had not, in his complaint, asserted non-conclusory allegations that he was in imminent danger of serious physical injury) [citations omitted]; *Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.) (concluding that plaintiff had failed to allege imminent danger of serious physical injury) [citations omitted]; *see also Abdrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") [collecting cases]; *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint . . . ."); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ( "[T]he issue [under § 1915(g)] is whether his complaint, as a whole, alleges imminent danger of serious physical injury."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") [citation omitted]; *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled allegations to ensure that the prisoner is not under imminent danger of serious physical injury.") [internal quotation marks and citation omitted], *abrogated on other grounds*, *Jones v. Block*, 127 S. Ct. 910 (2007).

§  1915A[b],  for failure to state a claim upon which relief may be granted); and

Strike 3: *Henderson v. Indiana*, No. 03-2115, Order of Dismissal (7th Cir. filed July 15, 2003) (denying Plaintiff's request to proceed *in forma pauperis* on appeal because appeal lacked any legal points arguable on its merits, affirming district court's denial, on May 8, 2003, of application to proceed *in forma pauperis* because appeal would not be taken in good faith).

I note that these three cases have *repeatedly* been recognized, by federal district courts, as constituting "strikes" for purposes of 28 U.S.C. § 1915(g).[3]

For both of the foregoing alternative reasons, I deny Plaintiff's motion to proceed *in forma pauperis*.

**B.    Review of Plaintiff's Complaint**

Setting aside the lack of merit supporting Plaintiff's Application to Proceed *In Forma Pauperis*, I find that Plaintiff's Complaint is subject to *sua sponte* dismissal (pursuant to 28 U.S.C. §§ 1915[e][2][B][i], 1915A) due to the frivolous nature of the claims asserted therein.  In the interest of brevity, I will not detail the litany of substantive and fatal flaws in Plaintiff's claims, which are, I believe, rather obvious.  I will make only three observations.

First, it appears that Plaintiff is attempting, in this action, to sue a fantasy *movie*.  *See Cloverfield* (Paramount Pictures 2008).  He has certainly attempted to do so in the past.  *See Henderson v. Wizard of Oz*, 06-CV-0734 (N.D. Ind. filed Oct. 24, 2006); *Henderson v. Lord of*

---

[3]        *See Henderson v. Unknown*, 08-CV-0303, Order of Dismissal (W.D. Va. filed May 5, 2008); *Henderson v. Indiana*, 06-CV-1728, Order (S.D. Ind. filed Dec. 22, 2006); *Henderson v. Wizard of Oz*, 06-CV-0734, Order (N.D. Ind. Oct. 30, 2006); *Henderson v. Unknown*, 05-CV-0404, Order (N.D. Ind. filed July 11, 2005); *Henderson v. Unknown*, 05-CV-0299, Order (N.D. Ind. filed July 11, 2005); *Henderson v. Peters*, 03-CV-0168, Order (S.D. Ind. filed June 19, 2003).

*the Rings*, 08-CV-0108 (N.D. Fla. filed May 12, 2008).

Second, it appears that the financial claim asserted by Plaintiff in this action (i.e., a claim for relief in payment of "services rendered") is barred by the doctrines of res judicata and/or collateral estoppel. Specifically, a very similar claim was recently asserted by Plaintiff's in another legal action. *See Henderson v. Unknown*, 08-CV-0303, Complaint (W.D. Va. filed April 28, 2008) (requesting, in exchange for "services rendered," payment of the equivalent of hundreds of millions of dollars, albeit demanded in pounds sterling rather than in Euros). On May 1, 2008, Senior United States District Judge Jackson L. Kiser, of the Western District of Virginia, issued a Memorandum-Opinion in that action, denying Plaintiff's motion to proceed *in forma pauperis* because of the "Three Strikes Rule" and dismissing Plaintiff's complaint without even affording him an opportunity to file an amended complaint after finding the complaint to be "frivolous" in that it contained factual allegations that were "fanciful or delusional." *Henderson v. Unknown*, 08-CV-0303, Memorandum-Decision, at 1, n.2 (W.D. Va. filed May 1, 2008).[4]

Third, while generally *pro se* prisoners should be granted leave to amend their complaints once before their complaints are dismissed, such leave is not required where, as here, any amended complaint would be futile due to the *substantive* nature of the fatal flaws in the original complaint.[5]

---

[4]    While I suspect this financial claim has also been asserted in *Henderson v. Lord of the Rings*, 08-CV-0108 (N.D. Fla. filed May 12, 2008), I cannot be certain of that fact since the docket in that action is not available for public viewing on the Federal Judiciary's electronic Public Access to Court Records ("PACER") Service.

[5]    *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 5) is **DENIED**; and it is further

**RECOMMENDED** that the Court *sua sponte* **DISMISS** Plaintiff's Complaint (Dkt. No. 1) with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A, due to the frivolous nature of the claims asserted therein; and it is further

**RECOMMENDED** that the Court certify in writing, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith.

**BE ADVISED that any objections to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS (*see* Fed. R. Civ. P. 6[d]), from the date of this Report-Recommendation**.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), Local Rule 72.1(c), and Fed. R. Civ. P. 6(a)(2).

**BE ALSO ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[6]

---

support its claim, a complaint should be dismissed with prejudice.") [citation omitted].

[6]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate");

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: May 27, 2008
      Syracuse, New York

                                    George H. Lowe
                                    United States Magistrate Judge

---

*Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

8